IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KELVIN DEVON JOHNSON,<br>ID # 2179508,<br>Petitioner,<br><br>vs.<br><br>DIRECTOR, Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>Respondent. | )<br>)<br>)<br>)<br>)   No. 3:19-CV-1580-N-BH<br>)<br>)<br>)<br>)   Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on July 1, 2019 (doc. 3), should be **DISMISSED** as moot.

### I.   BACKGROUND

Kelvin Devon Johnson (Petitioner), an inmate formerly incarcerated in the Texas Department of Criminal Justice- Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2018 sentence in Case No. F-1600880 in the 265th Judicial District Court of Dallas County, Texas. (*See* doc. 3 at 2.)[2] The respondent is the Director of TDCJ-CID. (*See id.* at 1.)

On December 13, 2016, Petitioner pleaded guilty under a plea agreement to aggravated assault causing serious bodily injury in Case No. F-1600880-R in the 265th Judicial District Court of Dallas County, Texas. *See Order of Deferred Adjudication*, *State v. Johnson*, No. F-1600880-R (265th Dist. Ct., Dallas Cnty., Tex. Dec. 13, 2016). The trial court deferred adjudication and

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

1

placed him on a three-year period of community supervision. *See id.* Petitioner's community supervision was later revoked for violation of its terms, and he was adjudicated guilty and sentenced to three years' imprisonment in the TDCJ-CID on January 12, 2018. *See Judgment Adjudicating Guilt*, *Johnson*, No. F-1600880-R (265th Dist. Ct., Dallas Cnty., Tex. Jan. 12, 2018). He received time credit under the judgment from February 19, 2016, to January 20, 2017, and from December 14, 2017, to January 12, 2018. *See id.* He did not appeal the judgment. His state habeas application, received by the Texas Court of Criminal Appeals on February 8, 2019, was denied without written order on the findings of the trial court on February 20, 2019. *See Ex parte Johnson*, No. WR-89,523-01 (Tex. Crim. App. Feb. 20, 2019).

Petitioner now seeks six months of time credit from January 21, 2017, through July 24, 2017, for time he was allegedly in custody at the TDCJ-CID's Roach Unit under a different prisoner identification number, and release from custody. (*See* doc. 3 at 6-7; doc. 4 at 5.) Respondent responded on February 4, 2020, arguing that the § 2254 petition should be dismissed as moot because Petitioner was paroled on October 7, 2019, and discharged his sentence on January 12, 2020. (*See* doc. 16 at 3-5.) Petitioner did not file a reply.

## II.     MOOTNESS

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case or controversy becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a "personal stake in the outcome" of the lawsuit. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to

2

the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citations omitted). If a controversy becomes moot, the case is dismissed for lack of subject matter jurisdiction. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990).

Here, Petitioner's request for time credit from January 21, 2017, through July 24, 2017, was pending at the time he was released from TDCJ-CID custody, and when he discharged his sentence. Respondent provided evidence that Petitioner was paroled on October 7, 2019, and discharged his sentence on January 12, 2020.[3] (*See* doc. 16 at 3; doc. 16-2 at 3.) "Once the convict's sentence has expired. . . some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Spencer*, 523 U.S. at 7. Petitioner has not alleged or provided any facts to show the existence of any collateral consequences. Because he has discharged his sentence and has failed to show any collateral consequences of the conviction, the § 2254 petition should be dismissed as moot.

### III.   RECOMMENDATION

The *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on July 1, 2019 (doc. 3), should be **DISMISSED** as moot.

**SIGNED this 28th day of March, 2022.**

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Petitioner's October 8, 2019 notice of his change of address to an apartment unit also indicated that he was no longer incarcerated in the TDCJ-CID as of that date. (*See* doc. 9.)

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE